UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESLEY F. ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | NO.  CV-12-0054-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 14 and Defendant's Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by Jeffrey Schwab. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Richard Rodriguez.

**I.   Jurisdiction**

On January 14, 2009, Plaintiff Wesley F. Anderson filed a Title II application for disability insurance benefits (DIB) and a Title XVI application for Supplemental Social Security Income (SSI) on January 28, 2009. Plaintiff alleges that he has been disabled since August 15, 2007.

His application was denied initially on April 20, 2009, and again denied on reconsideration on September 23, 2009. A timely request for a hearing was made. On December 15, 2010, Plaintiff appeared in Wenatchee, Washington before Administrative Law Judge (ALJ) Caroline Siderius. Daniel R. Mckinney, Sr., vocational expert, also appeared at the hearing. Plaintiff was represented by

attorney Jeffrey Schwab.

The ALJ found that Plaintiff was not disabled since August 15, 2007, the date the alleged disability began. Plaintiff timely requested review by the Appeals Council, which was denied on December 15, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h). Plaintiff timely filed an appeal with the U.S. District Court for the Eastern District of Washington on January 20, 2012. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ  proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**IV.    Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision, and will only be summarized here.

At the time of the hearing, Plaintiff was 49 years old. He earned his GED. He served in the Marine Corps and was honorably discharged. He has four felony charges and served time in prison, the last time was in 1993. He is single and does not have any children.

He previously worked at a lumber yard for many years. While working, he hurt his right knee in 1998. Eventually, he had anterior cruciate ligament reconstruction surgery on the knee. In 2002, Plaintiff hurt his left knee while at

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

work, and eventually had anterior cruciate ligament reconstruction surgery on this knee. In 2006, he began to experience increasing swelling and pain in his left knee. As a result, he had a total left knee replacement. His right knee began showing signs of marked degenerative changes with a complete loss of the joint space, and as a result, in 2010, he had a total right knee replacement.

During the recovery of his knee surgeries, Plaintiff gained over 100 lbs. He is a chronic smoker and in the past, was a heavy drinker and occasionally used recreational drugs.

He alleges he is not able to work because of the pain in his right knee, chronic pulmonary disease, obesity and sleep apnea. (Tr. 44.)

**V.    The ALJ's findings**

The ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011. (Tr. 21.)

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 15, 2007, the alleged onset date. (Tr. 21.)

At step two, the ALJ found Plaintiff had the following severe impairments: status post bilateral knee surgeries; chronic obstructive pulmonary disease; and obesity (Tr. 21.)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22.) The ALJ considered whether Plaintiff met the listing for 1.02, major dysfunction of a joint. (Tr. 22.)

The ALJ found that Plaintiff has the residual functional capacity[1] to perform

---

[1] "RFC is what an individual can still do despite his or her functional limitations and restrictions cased by his or her medically determinable physical or mental impairments. It is an administrative assessment of the extent to which an

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b),[2] except he can frequently lift and/or carry ten pounds, occasionally lift and/or carry twenty pounds, stand and walk up to four hours a day, changing positions once an hour; cannot kneel, crouch, crawl or stoop, climb ladders, ropes or scaffolds, and avoid concentrated exposure to hazards such as moving machinery and heights, and avoid concentrated exposure to odors, gases, dust, and fumes. (Tr. 23.)

At step four, the ALJ found Plaintiff not capable of performing past relevant work as a material handler or construction worker. (Tr. 26.)

At step five, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity and found there are jobs that exist in significant

---

individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to perform work-related physical and mental activities. . . RFC is the individual's maximum remaining ability to perform sustained work on a regular and continuing basis: i.e. 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR96-6P.

[2](b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§404.1567(b); 416.967(b).

numbers in the national economy that Plaintiff can perform. Specifically, the ALJ found that Plaintiff can perform the representative jobs of assembly, small products assembler, and hand packager, packing line worker. (Tr. 27.)

## VI. Issues for Review

Plaintiff presents the following issues with respect to the ALJ's findings:

1. The ALJ decision is not supported by substantial evidence and she did not apply the proper legal standard;

2. The ALJ failed to properly assess Plaintiff's severe impairments; and

3. The ALJ improperly assessed Plaintiff's residual functional capacity.

## VII. Discussion

### 1. Plaintiff's Severe Impairments

Plaintiff argues the ALJ failed to properly identify his severe impairments. Plaintiff asserts the ALJ erred in failing to find that his impairments of "severe dyspnea" or shortness of breath, fatigue, sleep apnea, and cirrhosis are severe. Plaintiff maintains that fatigue is one of his chief complaints.

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1521, 216.921. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. *Id.*

Plaintiff argues the ALJ erred in failing to identify "severe dyspnea" or shortness of breath, fatigue, sleep apnea and cirrhosis as severe impairments. In doing so, Plaintiff cites to Tr. 225, but this record is a March 8, 2007 letter to the claims manager for the Department of Labor & Industries, and only deals with Plaintiff's post left total knee replacement. It does not support Plaintiff's argument.

In July, 2008, Plaintiff saw Shellie Rabidou, complaining of fatigue and

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

shortness of breath with activity. Ms. Rabidou noted that Plaintiff was still actively drinking whisky and beer, was a heavy smoker, 1-1/2 packs per day, and used marijuana on occasions. (Tr. 255.) She noted that his fatigue was probably related to his COPD, and possible to sleep apnea. Ms. Rabidou is not an acceptable source and the ALJ cannot rely on her opinion to establish the existence of a medically determinable impairment. 20 C.F.R. 404.1513(a); 416.913(a); SSR-06-03p.

On February, 2009, Dr. Primm conducted a consultation. He noted that Plaintiff had a host of problems, the most important being morbid obesity, probably severe COPD, probably sleep apnea, chronic cigarette smoking and chronic alcohol abuse. (Tr. 240). Notably, he did not identify fatigue or dyspnea as problems or impairments.

At the hearing, Plaintiff complained of fatigue. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not credible to the extent they are inconsistent with his residual functional capacity. (Tr. 23.) Plaintiff did not challenge this finding. As such, there is nothing in the record to support Plaintiff's assertions that fatigue would prevent him from working an eight-hour workday, forty-hour workweek.

The ALJ did not err in failing to identify fatigue as a severe impairment. There was no medical evidence to support this finding. Plaintiff indicated that he can perform a full range of daily activities. He cleans his house, does dishes, plays cards several times a month, watches movies, regularly attends medical appointments, and grocery shops. He lives alone, cares for his dog, and can mow his lawn. Plaintiff testified that he last worked in October, 2008, "under the table" creating cement foundations and decks for mobile homes. (Tr. 42.) This work lasted for two months, and demonstrates that fatigue is not an impairment. Also, the ALJ noted that his lung volumes were within normal limits. (Tr. 22.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

With respect to sleep apnea, the ALJ relied on the fact that Plaintiff received treatment and reported improvements with the CPAP machine to conclude the impairment was non-severe. This was not in error.

With respect to his diagnosis of cirrhosis, Plaintiff cites to Tr. 240, which is a report of a February 12, 2009 consultive exam by Dr. Primm, a cardiologist. Dr. Primm noted in the past medical history that "[a] a diagnosis of cirrhosis of the liver has been made, although I am not sure what data determined that." (Tr. 240.) He also cited to Tr. 251, which is a report of a December 31, 2008 visit. There, Shellie Rabidou, MMSc, PA-C, noted that she would be referring Plaintiff "to gastroenterolgy to make sure there is not anything else that we need to do for his cirrhosis." (Tr. 251.)

These records do not indicate a diagnosis of cirrhosis. Ms. Rabidou is not an acceptable source and the ALJ cannot rely on her opinion to establish the existence of a medically determinable impairment. 20 C.F.R. 404.1513(a); 416.913(a); SSR-06-03p. Moreover, other records indicate that such a diagnosis has not been made. *See* TR. 244 ("Mr. Anderson certainly has evidence of chronic hepatic dysfunction, though we cannot make a diagnosis of cirrhosis based on the studies to date."–dated 2/29/2009); Tr. 311 ("At this time he does not have any evidence of cirrhosis. The chronic hepatic dysfunction is due to long term alcohol abuse."–dated 6/30/2009). The ALJ did not err in concluding that Plaintiff did not have a severe impairment of cirrhosis.

Plaintiff argues in passing that because there was evidence of drug and alcohol abuse, the ALJ should have obtained the opinion of a medical expert to address this issue. A DDA analysis is only required if the ALJ concludes that Plaintiff is disabled. *See Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001) (holding ALJ must identify disability under five-step procedure before conducting DAA Analysis to determine whether substance abuse was material to disability). Also, the claimant bears the burden of proving that drug or alcohol

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

addiction is not a contributing factor material to his disability. *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007).

The ALJ has a special duty to fully and fairly develop the record. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). Where it is necessary to enable the ALJ to resolve an issue of disability, the duty to develop the record may require consulting a medical expert. *See* 20 C.F.R. §§ 404.1519a, 416.919a; *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001). Here, the ALJ did not state, nor does the record reflect, that the medical evidence was ambiguous or that the record was otherwise inadequate to allow for proper evaluation of Plaintiff's disability. As such, it was not necessary for the ALJ to consult a medical expert. The ALJ did not err in obtaining the opinion of a medical expert regarding Plaintiff's DDA issues or his other medical conditions.

### 2. Plaintiff's Residual Functional Capacity

Plaintiff argues the ALJ improperly assessed his residual functional capacity when she determined he was capable of light duty with certain limitations. Plaintiff argues his treating physicians concluded that he is capable of only sedentary exertion. Plaintiff stated that Dr. Lamberton, Dr. Berg, and a PAC opinion that Plaintiff was capable of sedentary exertion, and goes on to argue that "[n]ever once did any treating physician express exertion capacity in excess of sedentary." ECF No. 15 at 7.

This is not true. On June 24, 2010, Dr. Lamberton wrote a letter to Ted Braid, Claims Manager for the Department of Labor and Industries. (Tr. 542.) At that time, Plaintiff was close to a year status post right total knee replacement. (Tr. 542.) Dr. Lamberton concluded that Plaintiff would not be able to return to his former job because the job analysis indicated that 75% of the work is labor work and 25% is supervision. (Tr. 542.) He opined that Plaintiff was not capable of labor intensive work, but he could lift or carry up to 20 pounds. (Tr. 542.) He asked the Department of Labor and Industries to retrain Plaintiff to "sedentary to

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

light work." (Tr. 542.)

Then, on July 15, 2010, Dr. Lamberton opined that Plaintiff's condition with respect to his right knee replacement is "fixed and stable and he is doing well." (Tr. 538.) He reiterated that Plaintiff cannot return to his former job and he should limit his lifting and carrying to 20 pounds. (Tr. 538.) Dr. Lamberton again asked the Department of Labor and Industries to retrain Plaintiff "so that he can return to work in a more light duty setting." (Tr. 538.).

The portions of the record cited by Plaintiff reflect Dr. Lamberton's opinions during the recovery phase. The following chart provides Plaintiff's citation to the record and the corresponding time in the recovery phase. It can be expected that Plaintiff would not be able to perform light duty while he was recuperating from total knee replacement.

| TR  | Date      | Post-recovery Time Frame - approx.              |
|-----|-----------|-------------------------------------------------|
| 546 | 1/14/2010 | six month status post right knee replacement    |
| 551 | 11/5/2009 | four month status post right knee replacement   |
| 552 | 9/3/2009  | sixty-six days status post right knee replacement |
| 581 | 8/20/2009 | forty-five days status post right knee replacement |
| 632 | 8/13/2009 | forty days status post right knee replacement   |
| 634 | 7/30/2009 | thirty day status post right knee replacement   |
| 668 | 7/9/2009  | ten day status post right knee replacement      |

Plaintiff cites to Tr. 539 and states that Dr. Lamberton opined that Plaintiff was capable of only sedentary exertion. The Court has reviewed this document and it cannot find where Dr. Lamberton concluded that Plaintiff could only perform sedentary exertion. Instead. Dr. Lamberton wrote that Plaintiff was not restricted from sitting, and could frequently stand/walk (3-6 hours), seldom lift, carry and push/pull 20 pounds, and occasionally lift 5 lbs. (Tr. 539.), which is reflected in the ALJ's residual functional capacity.

Plaintiff also cited to Tr. 334, asserting that Dr. Berg opined that he was

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

capable of only sedentary exertion. Again, there is no specific statement regarding sedentary or light range of duty. Dr. Berg did not fill out the section that would indicate how many hours Plaintiff could sit, stand, walk at one time and during an entire 8 hour day, but he concluded that Plaintiff could seldom lift and carry 11-20 lbs, and occasionally carry and lift 6-10 pounds. (Tr. 334.) Notably, this assessment was dated 5/4/2009, which is prior to Plaintiff's total right knee replacement.

Plaintiff has not identified any other medical records to support his assertion that the ALJ erred in not assessing a sedentary RFC. On the other hand, the ALJ properly relied on Dr. Lamberton, Dr. Berg, Dr. Platter, and Dr. Staley determinations that Plaintiff could perform light work with certain limitations in determining Plaintiff's residual functional capacity.

**VIII. Conclusion**

Plaintiff has not met his burden of showing the ALJ committed legal error, or that her conclusion that Plaintiff was not disabled from August 15, 2007 to February 7, 2011, is not supported by substantial evidence. The ALJ properly found that Plaintiff was capable of performing the requirements of representative occupations such as assembly, small products assembler, and hand packager, packing line work.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

///
///
///
///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 18th day of October, 2013.

      *s/Robert H. Whaley*
      ROBERT H. WHALEY
      United States District Judge

Q:\RHW\aCIVIL\2012\Anderson (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13